UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN QUALLS,

    Plaintiff,

v.                                       Civil Action No. 09-311 (CKK)

ISAAC FULWOOD, JR. *et al.*,

    Defendants.

## AMENDED MEMORANDUM OPINION

Plaintiff filed a *pro se* complaint against the Chairman and members of the United States Parole Commission, asserting that he was entitled to, but did not receive, a parole decision based on the 1987 parole guidelines. As relief, the plaintiff sought (1) a declaratory judgment that the defendants' application of the 2000 parole guidelines violated the ex post facto clause, (2) an order directing the Commission to conduct within 45 days a new parole hearing using the 1987 parole guidelines. Plaintiff also requested this Court to retain jurisdiction to ensure compliance with the order sought.

The defendants filed a motion to dismiss the complaint as moot, stating that the Commission had scheduled another parole hearing for the plaintiff on June 24, 2009, at which it would apply the 1987 parole guidelines. The plaintiff opposed the motion, because the hearing had not yet occurred. Subsequently, the defendants confirmed that on June 24, 2009, plaintiff had a parole hearing using the 1987 guidelines. *See* Defs.' Reply at 1. A show cause order issued, directing the plaintiff to state why the motion to dismiss should not be granted. In his response to the show cause order, the plaintiff relies on *Anyanwutaku v. Moore*, 151 F.3d 1053,

1057 (D.C. Cir. 1998) (where a prisoner's subsequent release on parole mooted his complaint for injunctive and declaratory relief regarding his parole eligibility date), to argue that the instant complaint cannot be mooted unless the plaintiff is released on parole. *See* Pl.'s Response ¶ 4. He also states that his request for a new parole hearing was "but one of several issues presented upon which relief was requested." *Id.*

Plaintiff's argument is unavailing. His interpretation of the cited case law is based on faulty logic and is incorrect.[1] The instant complaint sought a new parole hearing using the 1987 guidelines, and plaintiff has realized that relief. Because the superseding parole hearing rendered the prior one ineffective, there is no longer a need for a declaratory judgment regarding the 2000 guidelines. There is also no need to retain jurisdiction to ensure compliance with any order. Therefore, because the plaintiff has realized all available relief, the complaint is moot and will be dismissed.

A separate Amended Order accompanies this Amended Memorandum Opinion.

Date: July 8, 2010

COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] Plaintiff's argument reflects the incorrect presumption that "if A, then B" is the same as "*only* if A, then B." Obviously, the condition "if" is not the equivalent of the condition "only if."